**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRISTIN MCCUE, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>MB FINANCIAL, INC. and MB FINANCIAL BANK, N.A.,<br><br>Defendants. | 1:15-cv-00988<br><br>Honorable Sharon Johnson Colman |

**ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF THE RULE 23 CLASS AND FLSA COLLECTIVE FOR SETTLEMENT PURPOSES, APPOINTMENT OF PLAINTIFF'S COUNSEL AS CLASS COUNSEL, AND APPROVAL OF PLAINTIFF'S PROPOSED NOTICE OF SETTLEMENT**

The above-entitled matter came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement, Conditional Certification of the Rule 23 Class and FLSA Collective For Settlement Purposes, Appointment of Plaintiff's Counsel as Class Counsel, and Approval of Plaintiff's Proposed Notice of Settlement ("Motion for Preliminary Approval"). Defendants do not oppose the motion.

**I.      Preliminary Approval of Settlement**

1.      Based upon the Court's review of the Plaintiff's Memorandum of Law in Support of her Motion for Preliminary Approval, the Declaration of Justin M. Swartz ("Swartz Declaration"), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiff Cristin McCue ("Plaintiff") and MB Financial Inc. and MB Financial Bank, N.A. (together, "Defendants") (Plaintiff and Defendants together, "Parties"), attached as Exhibit XX to the

Swartz Declaration, and "so orders" all of its terms. The Court's preliminary approval of the settlement covers the release of the Rule 23 class' state law wage and hour claims, including claims based on the Illinois Minimum Wage Law and Illinois Wage Payment and Collection Act, and the release of the collective's federal claims based on the Fair Labor Standards Act, as further defined in the settlement agreement.

2. "The certification of a class is within the sound discretion of the trial court . . . ." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 306 (7th Cir. 1985). The fact that the parties have reached a settlement is a relevant consideration in the class-certification analysis. *See Smith v. Sprint Commc'ns Co.*, 387 F.3d 612, 614 (7th Cir. 2004). A "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery," *Am. Int'l Grp., Inc. v. ACE INA Holdings, Inc.*, No. 07 Civ. 2898, 2012 WL 651727, at *10 (N.D. Ill. Feb. 28, 2012).

3. Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It simply allows notice to issue to the class and for class members to object to or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the class members' input.

4. At the preliminary approval stage, the court's task is merely to "determine whether the proposed settlement is within the range of possible approval," *Armstrong v. Bd. of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980) (internal citation, quotation, and footnote omitted) (noting that at the final fairness hearing, the court will "adduce all information necessary to enable [it] intelligently to rule on whether the proposed settlement is 'fair, reasonable, and adequate'") (citing Manual for Complex Litigation (rev'd ed.) § 1.46, at 57). At

preliminary approval, the court's role is not "resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *E.E.O.C. v. Hiram Walker & Sons*, 768 F.2d 884, 889 (7th Cir. 1985) (collecting cases).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See Am. Int'l Grp., Inc.*, 2011 WL 3290302, at *7.

6. The Court finds that the Settlement Agreement is the result of extensive, arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

7. An experienced class action employment mediator, Northwestern University School of Law Professor Lynn Cohn, assisted the Parties with the settlement negotiations and presided over the day-long mediation. This reinforces the non-collusive nature of the settlement. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F. Supp. 2d 806, 813 (E.D. Wis. 2009).

8. Courts also encourage parties to settle class actions early, without expending unnecessary resources. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *3 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere").

## II. Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes

9. Provisional certification of the Rule 23 Class for settlement purposes and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all Class Members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab.*

*Litig.*, 55 F.3d 768, 792-95 (3d Cir. 1995) (noting practical purposes of provisionally certifying settlement class); *Tobin v. Beer Capitol Distrib. Inc.*, No. 12 Civ. 0274, 2012 WL 5197976, at *2 (E.D. Wis. Oct. 19, 2012) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement in case alleging improper classification and failure to pay overtime compensation).

10. For settlement purposes only, the Court provisionally certifies the following class under Federal Rule of Civil Procedure 23(e) ("Rule 23 Class"): Customer Service Managers or Customer Service Manager Banking Specialists ("CSMs") who worked at Defendants' branch locations between March 1, 2011 and November 8, 2014.

11. Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

12. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 117 Rule 23 Class Members, and thus, joinder is impracticable. *See Chandler v. Sw. Jeep–Eagle, Inc.*, 162 F.R.D. 302, 307 (N.D. Ill. 1995) (noting that "joinder is usually deemed impracticable where the class members number 40 or more").

13. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and the Class Members share common issues of fact and law, including whether Defendants misclassified them as exempt employees and thereby failed to pay them overtime wages in violation of state wage and hour laws, and failed to keep accurate records of time worked. *See Tobin*, 2012 WL 5197976, at *2 (preliminary approval of settlement warranted where factual and legal issues common to the class included classification as exempt administrators and executive employees and employer's failure to pay overtime compensation); *Butler v. Am Cable & Tel., LLC,* No. 09 Civ. 5336, 2011 WL 4729789, at *8 (N.D. Ill. Oct. 6, 2011) ("Thus, common

4

questions of law and fact among the class members here include whether Defendants improperly classified [class members] and whether Defendants failed to compensate class members for all work performed in excess of forty hours per week . . . .").

14. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims. *See Kurgan v. Chiro One Wellness Ctrs. LLC,* No. 10 Civ. 1899, 2014 WL 642092, at *7 (N.D. Ill. Feb. 19, 2014) (finding typicality where "[p]laintiffs' claims and the claims of all potential class members arise from the same course of action by Defendant: the misclassification and the alleged failure to pay overtime.").

15. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because Plaintiff does not have "antagonistic or conflicting claims with other members of the class." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007).

16. In addition, Plaintiff's Counsel, Outten & Golden LLP ("O&G") and the Shavitz Law Group, P.A. ("Shavitz Law Group"), meet Rule 23(a)(4)'s adequacy requirement.

17. Plaintiff also satisfies Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and common legal theory – that Defendants misclassified them as exempt employees, thus violating federal and state wage and hour laws by failing to pay them for premium overtime hours – predominates over any factual or legal variations among class members. *See Kurgan*, 2014 WL 642092, at *9 (conduct of classifying workers as exempt from overtime sufficient to show predominance); *Butler*, 2011 WL 4729789, at *15 (uniform practice of failing to pay overtime to workers defendants classified as independent contractors predominated); *Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 334 (N.D. Ill.

5

2009) (holding that common practice of failing to pay overtime pay predominated as there could be "no question" that the practice would be the "principal issue" of the litigation).

### III. Appointment of Plaintiff's Counsel as Class Counsel

17. The Court appoints O&G and the Shavitz Law Group as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *Butler,* 2011 WL 4729789, at *8 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action, . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class").

18. Class Counsel did substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims.

19. O&G attorneys have substantial experience prosecuting and settling nationwide wage and hour class and collective actions, are well-versed in wage and hour law and class action law, and are well-qualified to represent the interests of the class. *See Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531, 2014 WL 2111693, at *4 (S.D.N.Y. May 12, 2014); *Flynn v. New York Dolls Gentleman's Club*, No. 13 Civ. 6530, 2014 WL 4980380, at *4 (S.D.N.Y. Oct. 6, 2014) ("O&G attorneys have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law") (internal quotation marks and citation omitted); *Kiefer v. Moran Foods, LLC*, No. 12 Civ. 756, 2014 WL 3882504, at *3 (D. Conn. Aug. 5, 2014) (finding O&G "experienced employment law practitioners" and appointing them class counsel); *Clem v. KeyBank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *5-6 (S.D.N.Y. Mar. 27, 2014) (appointing O&G and Shavitz

6

Law Group as class counsel); *Yuzary*, 2013 WL 5492998, at *3 (finding O&G and Shavitz Law Group experienced and adequate to serve as class counsel); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6, 2012) ("[O&G attorneys] have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing O&G and the Shavitz Law Group as Class Counsel and noting both firms' extensive experience litigating and settling wage and hour class and collective actions).

20. The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV. Certification of the Proposed FLSA Collective For Settlement Purposes**

21. Named Plaintiff alleges that a collective action is appropriate because Defendants had a policy of classifying all CSMs as exempt for overtime purposes. Defendants do not object to certification of the collective for settlement purposes only. The Court finds, for settlement purposes only, that the potential Class Members are similarly situated to the Named Plaintiff.

22. For settlement purposes only, the Court provisionally certifies the following collective under the FLSA (the "FLSA Collective"): CSMs who worked at Defendants' branch locations between March 1, 2011 and November 8, 2014.

**V. Notice**

23. The Court approves the proposed Notice of Proposed Settlement of Class Action and Fairness Hearing ("Notice"), attached as Exhibit XX to the Swartz Declaration.

24. The content of the proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

7

25. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

26. The proposed Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g.*, *Boggess v. Hogan*, 410 F. Supp. 433, 441 (N.D. Ill.1975) (finding that "notices [need not] explore all of the underlying issues in the lawsuit").

27. The proposed Notice is appropriate because it describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *See, e.g.*, *Air Lines Stewards & Stewardesses Ass'n Local 550 v. American Airlines*, 455 F.2d 101, 108 (7th Cir. 1972) (notice that provided summary of proceedings to date, notified of significance of judicial approval of settlement and informed of opportunity to object at the hearing satisfied due process).

### V. Class Action Settlement Procedure

28. The Court hereby adopts the following settlement procedure:

   a. Within five (5) days of the date of this Order, Defendants shall provide the Settlement Administrator with the Class List;

   b. Within ten (10) days of receipt of the Class List, the Settlement Administrator will mail to all Class Members the Court-approved Notice;

    c. Each Class Member who wishes to opt-out of the Settlement must complete an Opt-out Form;

    d. To be deemed timely, an Opt-out Statement or Objection must be received by the Settlement Administrator no later than (30) thirty days from the mailing of the Notice to the Class Member and no later than sixty (60) days from the date of the Court's approval of this Order;

    e. Plaintiff will file a Motion for Final Approval of Settlement no later than fifteen (15) days before the Fairness Hearing;

    f. The Court will hold a final fairness hearing on July 13, 2015 at 11:00 a.m. in courtroom 1425;

    g. The Court also preliminarily approves the Parties' proposal that, after the case is dismissed with prejudice, the Court shall retain jurisdiction for 300 days after the Effective Date of the settlement agreement to allow Defendants' counsel to file Class Members' signed endorsements with the Court, signifying the Class Members' consent to join the FLSA collective action and resolving their federal law claims; and

    h. The Parties shall abide by all terms of the Settlement Agreement.

It is so ORDERED this 6th day of March, 2015.

_____
Honorable Sharon Johnson Coleman.