IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CRISTIN MCCUE, on behalf of herself and all others similarly situated,<br><br>      Plaintiff,<br><br>      -v.-<br><br>MB FINANCIAL, INC. and MB FINANCIAL BANK, N.A.,<br><br>      Defendants. | No. 15 cv 988<br><br>Hon. Sharon J. Coleman |

**ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION
OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE FLSA COLLECTIVE
AND RULE 23 CLASS ACTION SETTLEMENT, AND APPROVAL OF
ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD**

    This matter came before the Court on Plaintiff's Motion for Certification of the Settlement Class, Final Approval of the FLSA Collective and Rule 23 Class Action Settlement ("Motion for Final Approval") and Plaintiff's Motion for Approval of Attorneys' Fees, Reimbursement of Expenses, and Motion for Service Award ("Fee Motion"). Defendants do not oppose the motions.

**Approval of Settlement Agreement**

    1.  Based upon the Court's review of the Plaintiff's Memorandum of Law in Support of her Motion for Final Approval, the Declaration of Justin M. Swartz ("Swartz Decl."), and all other papers submitted in connection with Plaintiff's Motion for Final Approval and Fee Motion, the Court grants final approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement"), attached to the Swartz Decl. as Exhibit A, and "so orders" all of its terms all of which are incorporated herein, except to the extent modified by this Order. Capitalized terms used in this Order shall have the same meanings as set forth in

1

the Settlement Agreement, unless otherwise identified herein.

**Final Certification of the Proposed Rule 23 Settlement Class for Settlement Purposes**

2. For settlement purposes, the Court certifies the following class under Federal Rule of Civil Procedure 23(e) ("Settlement Class"): Customer Service Managers or Customer Service Manager Banking Specialists ("CSMs") who worked at Defendants' branch locations between March 1, 2011 and November 8, 2014.

3. The Settlement Class meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3). Federal Rule of Civil Procedure 23(a)(1) is satisfied because there are approximately 118 Rule 23 Class Members, and thus, joinder is impracticable. *See e.g. Wilkins v. Just Energy Grp., Inc.*, No. 13 Civ. 5806, 2015 WL 1234738, at *10 (N.D. Ill. Mar. 13, 2015).

4. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because Plaintiff and the Class Members share common issues of fact and law, including whether Defendants misclassified them as exempt employees and thereby failed to pay them overtime wages in violation of state wage and hour laws, and failed to keep accurate records of time worked—all of which Defendants deny. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (approval of settlement warranted where there are factual and legal issues common to the class).

5. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims for overtime pay arise from the same factual and legal circumstances that form the bases of the Rule 23 Class Members' claims. *See Kurgan v. Chiro One Wellness Ctrs. LLC,* No. 10 Civ. 1899, 2014 WL 642092, at *7 (N.D. Ill. Feb. 19, 2014) (finding typicality where "[p]laintiffs' claims and the claims of all potential class members arise from the same course of action by Defendant: the misclassification and the alleged failure to pay overtime.").

6. Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because Plaintiff does

2

not have "(1) antagonistic or conflicting claims with other members of the class; (2) has a sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Wahl v. Midland Credit Mgmt., Inc.*, 243 F.R.D. 291, 298 (N.D. Ill. 2007) (internal quotation marks omitted).

7. Plaintiff also satisfies Federal Rule of Civil Procedure 23(b)(3). Class Members' common factual allegations and common legal theory – that Defendants allegedly misclassified them as exempt employees, thus violating federal and state wage and hour laws by failing to pay them for premium overtime hours – predominates over any factual or legal variations among Class Members. *See Barragan v. Evanger's Dog & Cat Food Co.*, 259 F.R.D. 330, 334 (N.D. Ill. 2009) (claim arising under "a common practice of failing to pay overtime pay" predominated as there could be "no question" that the practice would be the "principal issue" of the litigation).

**Appointment of Plaintiff's Counsel as Class Counsel**

8. Outten & Golden LLP ("O&G") and Shavitz Law Group, P.A. ("SLG"), which the Court previously appointed as Class Counsel, satisfy the adequacy requirement of Rule 23(a)(4).

9. The Court appoints O&G and SLG as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *Butler v. Am. Cable & Tel., LLC*, No. 09 Civ. 5336, 2011 WL 4729789, at *8 (N.D. Ill. Oct. 6, 2011) (explaining that Rule 23(g) requires the court to consider "(1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class").

10. Class Counsel did substantial work identifying, investigating, prosecuting, and

settling Plaintiff's and Class Members' claims.

11.     O&G and SLG attorneys have substantial experience prosecuting and settling nationwide wage and hour class and collective actions, are well-versed in wage and hour law and class action law, and are well-qualified to represent the interests of the Class. *See Zeltser v. Merrill Lynch & Co.*, No. 13 Civ. 1531, 2014 WL 2111693, at *3-4 (S.D.N.Y. May 12, 2014); *Flynn v. N. Y. Dolls Gentleman's Club*, No. 13 Civ. 6530, 2014 WL 4980380, at *4 (S.D.N.Y. Oct. 6, 2014) ("O&G attorneys have substantial experience prosecuting and settling employment class actions, including wage and hour class actions[,] and are well-versed in wage and hour law and class action law") (internal quotation marks and citation omitted); *Kiefer v. Moran Foods, LLC*, No. 12 Civ. 756, 2014 WL 3882504, at *3 (D. Conn. Aug. 5, 2014) (finding O&G "experienced employment law practitioners" and appointing them class counsel); *Clem v. KeyBank, N.A.*, No. 13 Civ. 789, 2014 WL 1265909, at *5-6 (S.D.N.Y. Mar. 27, 2014) (appointing O&G and SLG as class counsel); *Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *3 (S.D.N.Y. Oct. 2, 2013) (finding O&G and SLG experienced and adequate to serve as class counsel); *Toure v. Amerigroup Corp.*, No. 10 Civ. 5391, 2012 WL 3240461, at *5 (E.D.N.Y. Aug. 6, 2012) ("[O&G attorneys] have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law"); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 WL 1058409, at *2 (S.D.N.Y. Mar. 12, 2012) (appointing O&G and SLG as Class Counsel and noting both firms' extensive experience litigating and settling wage and hour class and collective actions).

12.     The work that Class Counsel has performed both in litigating and settling this case demonstrates their skill and commitment to representing the Class Members' interests.

**Final Certification of the Proposed FLSA Collective for Settlement Purposes**

13. For settlement purposes only, the Court also certifies the following collective class under Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) (the "FLSA Collective"): all CSMs who worked at Defendants' branch locations between March 1, 2011 and November 8, 2014.

**Approval of Fees, Costs, and Service Award**

14. The Court grants Plaintiff's Fee Motion and awards Class Counsel $263,166.67, which is one-third of the Qualified Settlement Fund ("QSF") (after the Settlement Claims Administrator's fees are subtracted). The Court also awards Class Counsel $11,141.94 in costs and expenses reasonably expended litigating and resolving the lawsuit. The fee award is justified by the work that Class Counsel did negotiating the settlement and conducting the litigation, the ultimate recovery, and the risk that Class Counsel undertook in bringing the claims. The Court also approves the Settlement Claims Administrator's fees. These amounts shall be paid from the QSF.

15. The Seventh Circuit's recent decision in *Pierce v. Visteon Corp.*, No. 14 Civ. 2542, 2015 WL 3985985 (7th Cir. July 1, 2015), does not preclude a percentage of the common fund recovery in the settlement context. *Pierce*'s holding is limited to cases where an attorney obtains a judgment for the class, the attorney is awarded a fee based on the lodestar method that the court deems reasonable, and the attorney seeks an additional, second recovery. That situation does not apply to this settlement. Here, because Plaintiff is not a prevailing party, Class Counsel should be awarded a portion of the common fund that Class Counsels' work created. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as a whole.") (collecting cases); *Florin v. Nationsbank of Ga., N.A.*,

5

34 F.3d 560, 564-566 (7th Cir. 1994) ("common fund principles properly control a case which is initiated under a statute with a fee-shifting provision, but is settled with the creation of a common fund").

16. Awarding attorneys' fees through a percentage of a common fund is consistent with the need to incentivize lawyers to resolve cases early and to avoid over-litigating them in order to recover a larger fee. *See In re Synthroid Mktg. Litig.*, 325 F.3d 974, 979-80 (7th Cir. 2003) (explaining benefits of the percentage of fund method are that if "class counsel invested too many hours, dallied when preparing the settlement, or otherwise ran the meter, the loss falls on counsel themselves").

17. The Court finds reasonable the Service Award for Named Plaintiff Cristin McCue in the amount of $6,500 in recognition of the services she rendered on behalf of the Class. This amount shall be paid from the QSF.

**Judgment and Final Approval**

18. The Settlement Agreement is the product of contested litigation to resolve a bona fide dispute between the Parties as to whether Class Members were correctly classified as exempt for overtime purposes and/or whether Class Members are owed any compensation under the FLSA or Illinois or Indiana state law. *See, e.g.*, *Roberts v. Apple Sauce, Inc.*, No. 12 Civ. 830, 2014 WL 4804252, at *1 (N.D. Ind. Sept. 25, 2014); *Butler*, 2011 WL 4729789, at *9 n.9 ("[T]he Court must determine whether the proposed settlement is a fair and reasonable resolution of a bona fide dispute over FLSA provisions."); *O'Brien v. Encotech Const. Servs., Inc.*, 183 F. Supp. 2d 1047, 1050 (N.D. Ill. 2002) (holding that a release of Illinois Minimum Wage Law claims, like claims under the FLSA, must be supervised by a Court or the U.S. Department of Labor).

19. The Court also finds that the Settlement Agreement is the result of extensive,

arms'-length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions. An experienced class action employment mediator, Northwestern University School of Law Professor Lynn Cohn, assisted the Parties with the settlement negotiations and presided over the day-long mediation. This reinforces the non-collusive nature of the settlement. *See McKinnie v. JP Morgan Chase Bank, N.A.*, 678 F.Supp.2d 806, 812 (E.D.Wis. 2009).

20. Courts also encourage parties to settle class actions early, without expending unnecessary resources. *See Yuzary v. HSBC Bank USA, N.A.*, No. 12 Civ. 3693, 2013 WL 5492998, at *5 (S.D.N.Y. Oct. 2, 2013) ("early settlement allows class members to recover without unnecessary delay and allows the judicial system to focus resources elsewhere").

21. The Settlement Agreement is a final, fair, reasonable, adequate and binding release of all Released State Claims by all Class Members who have not timely opted out. The Released State Claims include all state law wage and hour claims, including claims based on the Illinois Minimum Wage Law, Illinois Wage Payment and Collection Act, Illinois One Day Rest In Seven Act, and Indiana Minimum Wage Law as further defined in the Settlement Agreement. Class Members release of their Released State Law Claims is effective upon the "Effective Date" of the Settlement Agreement, irrespective of whether Class Members negotiate their Settlement Checks. Any Class Members who subsequently negotiate their Settlement Checks also release their Released State Law Claims.

22. The Settlement Agreement is a final, fair, reasonable, adequate, and binding release of all Released Federal Law Claims by all Class Members who negotiate their Settlements Checks. The Released Federal Law Claims include all federal wage and hour claims, including claims based on the Fair Labor Standards Act and Portal to Portal Act, as further defined in the Settlement Agreement. The Class Members release of their Released Federal Law Claims becomes effective if they negotiate their Settlement Checks. Class

7

Members who negotiate their Settlement Checks also irrevocably consent to join and opt-in to the FLSA collective action in this Litigation. Defendants are ordered to file with the Court their consents to join within 300 days of the issuance of the Settlement Checks.

23. If no party appeals this Order, the "Effective Date" of the settlement will be the day after the time for the filing of an appeal from the Final Approval Order has expired.

24. If an individual or party appeals this Order, the "Effective Date" of the Settlement will be the day after all appeals are finally resolved in favor of final approval and all avenues for appeal have otherwise been exhausted, and final judgment has been entered by the District Court.

25. The Settlement Claims Administrator will disburse Settlement Checks to Class Members, Class Counsel's attorneys' fees and costs, and Court-approved Service Award within 15 days of the "Effective Date."

26. The Court dismisses the Litigation with prejudice and the Court shall retain jurisdiction over the case for 300 days after the "Effective Date" of the Settlement Agreement to allow Defendants' counsel to file Class Members' signed endorsements with the Court, which serve as Class Members' FLSA consents to join.

27. The Parties shall abide by all terms of the Settlement Agreement and this Order.

It is so ORDERED this 23rd day of July, 2015.

_____
United States District Judge